UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TOMMIE RICE

      Petitioner,

                                              CASE NO. 2:13-CV-10060
v.                                     JUDGE GEORGE CARAM STEEH
                                              MAGISTRATE JUDGE PAUL J. KOMIVES

MARY BERGHUIS,

      Respondent.
                             /

**REPORT AND RECOMMENDATION ON PETITIONER'S MOTION TO AMEND**
**(docket #17)**

I.    RECOMMENDATION: The Court should grant petitioner's motion to amend and should grant a stay holding the case in abeyance pending petitioner's exhaustion of state court remedies.

II.    REPORT:

A.    *Procedural History*

Petitioner Tommie Rice commenced this action on January 8, 2013, by filing a *pro se* application for the writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his 2010 state court conviction for voluntary manslaughter. On February 14, 2014, petitioner filed a motion to stay the case so that he could present new claims in the state courts. On March 12, 2014, I entered an Order denying the motion without prejudice, concluding that because petitioner had not identified the claims he wished to pursue, it could not be determined whether a stay was appropriate. The Order granted petitioner 30 days in which to file a proposed amended petition. On March 31, 2014, petitioner filed this motion to amend. In his motion, petitioner contends that newly discovered evidence establishes his actual innocence and that counsel was ineffective. For the reasons that follow, the Court should grant petitioner's motion to amend and enter a stay holding the case in

abeyance.

B.     *Legal Standards*

Petitioner seeks leave to amend his complaint to add claims that have not yet been exhausted in the state courts, and relatedly a stay of his petition so that he can exhaust those claims in state court. Rule 15 of the Federal Rules of Civil Procedure, which is applicable to this habeas corpus action, *see Mayle v. Felix*, 545 U.S. 644 (2005); 28 U.S.C. § 2242, provides that leave to amend "shall be freely given when justice so requires." FED. R. CIV. P. 15(a). As the Supreme Court has stated, "[i]n the absence of any apparent or declared reason--such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.--the leave sought should, as the rules require, be 'freely given.'" *Foman v. Davis*, 371 U.S. 178, 182 (1962). In *Rhines v. Weber*, 544 U.S. 269 (2005), the Court considered the intersection of the total exhaustion rule–which requires a court to dismiss a mixed petition containing exhausted and unexhausted claims–and the habeas statute's one year limitations period, which does not toll the time spent pursuing an unexhausted claim in federal court. Recognizing "the gravity of this problem and the difficulty it has posed for petitioners and federal district courts alike," *id*. at 275, the Court approved, at least in some circumstances, the lower courts' use of the so-called "stay and abeyance" procedure. "Under this procedure, rather than dismiss the mixed petition . . . a district court might stay the petition and hold it in abeyance while the petitioner returns to state court to exhaust his previously unexhausted claims. Once the petitioner exhausts his state remedies, the district court will lift the stay and allow the petitioner to proceed in federal court." *Id*. at 275-76. Balancing the interests served by the habeas statute's finality and timeliness

requirements against the petitioner's interest in having his claims adjudicated in a federal habeas proceeding, the Court concluded that stay-and-abeyance is permissible, but "should be available only in limited circumstances." *Id*. at 277.  Specifically, stay-and-abeyance "is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims in state court." *Id*.  Further, even where good cause is present, the court should not grant a stay where the unexhausted claims are plainly meritless. *See id*.  Additionally, "if a petitioner engages in abusive litigation tactics or intentional delay, the district court should not grant him a stay at all." *Id*. at 278.

C.    *Analysis*

Here, there is no indication that petitioner has engaged in abusive or dilatory litigation tactics.  As to good cause, unfortunately "[t]he Supreme Court did not define 'good cause' in *Rhines*, and no Circuit Court of Appeals has yet opined on its meaning." *Brown v. Ebert*, No. 05 Civ. 5579, 2006 WL 1273830, at *2 (S.D.N.Y. May 9, 2006) (internal quotation omitted).  Nevertheless some courts, including the Supreme Court, have suggested that a prisoner's good faith misunderstanding of the law constitutes good cause. *See Pace v. DiGuglielmo*, 544 U.S. 408, 416 (2005) (noting in discussing a statute of limitations issue that "[a] petitioner's reasonable confusion about whether a state filing would be timely will ordinarily constitute 'good cause' for him to file in federal court."); *Riner v. Crawford*, 415 F. Supp. 2d 1207, 1210-11 (D. Nev. 2006) (including in definition of "good cause" a petitioner's "own ignorance or confusion about the law."). *See generally*, *Rhines v. Weber*, 408 F. Supp. 2d 844, 849 (D.S.D. 2005) (*Pace* "suggest[s] a more expansive definition of 'good cause' . . . than the showing needed for 'cause' to excuse a procedural default.") (on remand from Court's decision in *Rhines*).  Here, petitioner's failure to exhaust is based on the alleged

3

unavailability of the evidence upon which his new claims are based. Finally, it cannot be said that petitioner's claims are plainly meritless. Although a claim solely alleging actual innocence based on newly discovered evidence does not present a cognizable basis for habeas relief, *see Herrera v. Collins*, 506 U.S. 390, 400, 404 (1993); *Cress v. Palmer*, 484 F.3d 844, 854 (6th Cir. 2007), a claim that counsel was ineffective for failing to investigate this evidence does present a cognizable basis for habeas relief.

It is true that petitioner's habeas application is not a mixed petition as in *Rhines*, but rather contains only unexhausted claims. Nevertheless, *Rhines* adopts a flexible test which is applicable here. As the Court explained, the purpose of the stay-and-abeyance procedure is to prevent the complex exhaustion, procedural default, and statute of limitations rules applicable to habeas petitions from "unreasonably impair[ing] the petitioner's right to obtain federal relief." *Rhines*, 544 U.S. at 278; *see also*, *Rose v. Lundy*, 455 U.S. 509, 522 (1982). Precluding the stay-and-abeyance procedure here would unreasonably impair petitioner's right to fully adjudicate his claims no less than if his petition were a true mixed petition. *See Heleva v. Brooks*, 581 F.3d 187, 190-91 (3d Cir. 2009); *cf. Pace*, 544 U.S. at 416 (noting that under *Rhines*, a petitioner concerned that the limitations period might lapse before he exhausts his state court remedies could file a protection habeas petition and immediately seek a stay).

Thus, the Court should grant petitioner's request for a stay of the proceedings so that he may exhaust his claims. In doing so, however, the Court's "discretion in structuring the stay is limited by the timeliness concerns reflected in AEDPA." *Rhines*, 544 U.S. at 277. Thus, the Court must "place reasonable time limits on . . . petitioner's trip to state court and back." *Id*. at 278. In pre-*Rhines* cases the Sixth Circuit, adopting the Second Circuit's approach in *Zarvela*, *supra*, explained

that "[w]hen a district court elects to stay a petition, 'it should explicitly condition the stay on the prisoner's pursuing state court remedies within a brief interval, normally 30 days, after the stay is entered and returning to federal court within a similarly brief interval, normally 30 days after state court exhaustion is completed.'" *Hargrove v. Brigano*, 300 F.3d 717, 720-21 (6th Cir. 2002) (quoting *Zarvela*, 254 F.3d at 381); *see also*, *Godbolt v. Russell*, 82 Fed. Appx. 447, 452 (6th Cir. 2003); *Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002). This approach is consistent with the command of *Rhines*. *See Rhines*, 544 U.S. at 278 (citing with approval the Second Circuit's approach in *Zarvela*). Accordingly, the Court should grant petitioner's request for a stay, conditioned on his filing a motion for relief from judgment in the state court within 30 days of the Court's order entering the stay, and on his seeking a lifting of the stay within 30 days of exhausting the state court appeals process. Upon returning to this Court, petitioner should file along with his motion to lift the stay an amended petition setting forth all of the claims he wishes to assert, both those set forth in the original petition and any new claims developed in the state courts.

D.  *Conclusion*

In view of the foregoing, the Court should grant petitioner's motion for leave to amend and should stay the case pending petitioner's exhaustion of his state court remedies with respect to the newly asserted claims. The stay should be conditioned on petitioner filing a motion for relief from judgment in the state court within 30 days of the Court's order granting a stay, and on petitioner filing a motion to lift the stay and an amended petition within 30 days of exhausting the state court appeals process.

III.   NOTICE TO PARTIES REGARDING OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation,

but are required to act within fourteen (14) days of service of a copy hereof as provided for in FED. R. CIV. P. 72(b)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *See Willis v. Secretary of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991). *Smith v. Detroit Federation of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than five (5) pages in length unless by motion and order such page limit is extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

Date: April 16, 2014                              s/Paul J. Komives
                                                  PAUL J. KOMIVES
                                                  UNITED STATES MAGISTRATE JUDGE

CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing Order was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail to the non-ECF participants on April 16, 2014.

                                                  s/ Kay Doaks
                                                  Case Manager