UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TOMMIE RICE,

                        Petitioner,

v.

MARY BERGHUIS,

                        Respondent,

CASE NO. 2:13-CV-10060
HON. GEORGE CARAM STEEH

_____/

ORDER ACCEPTING MAGISTRATE JUDGE'S REPORT
AND RECOMMENDATION TO GRANT MOTION TO AMEND
AND ADMINISTRATIVELY CLOSING CASE [DOC. 18]

On January 8, 2013, Petitioner Tommie Rice filed a *pro se* application for the writ of habeas corpus under 28 U.S.C. § 2254, challenging his 2010 state court conviction for voluntary manslaughter. In addition to his habeas petition, the Petitioner also filed a motion to amend the petition to add new claims. The Court grants this motion.

I.

The Petitioner pleaded guilty to voluntary manslaughter and felony firearm and was convicted in state court in 2010. Following his conviction and sentence, he appealed to the Michigan Court of Appeals and the Michigan Supreme Court on February 13, 2012 and July 24, 2012, respectively. In his appeals, the Petitioner alleged a violation of his due process rights, ineffective assistance of counsel, and the need to correct his PSIR. Both appeals were denied.

1

The Petitioner then filed a habeas petition on January 8, 2013. On February 14, 2014, he filed a motion to stay the case in order to bring new claims in state court. On March 12, 2014, Magistrate Judge Komives entered an order denying the motion without prejudice because the Petitioner did not identify the claims he planned to pursue in state court. He requested that the Petitioner file an amended petition within thirty days. On March 31, 2014, Petitioner filed a motion to amend, claiming (1) new evidence exists establishing his actual innocence, and (2) his counsel was ineffective. He seeks to add claims that have not yet been exhausted, and to stay his petition so he may exhaust those claims in state court.

II.

To seek a writ of habeas corpus, an individual in custody pursuant to a state court conviction must first exhaust all remedies available in state court. 28 U.S.C. § 2254(b)(1). The Petitioner requests leave to amend his complaint so he may add claims not yet exhausted in state courts, and asks the court to stay his petition so he may do so. Leave to amend should be freely granted in the absence of reasons such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of the amendment . . . ." *Foman v. Davis*, 371 U.S. 178, 182 (1962) (explaining FED. R. CIV. P. 15(a), which applies to habeas actions, *Mayle v. Felix*, 545 U.S. 644 (2005), and says leave to amend "shall be freely given when justice so requires"). As the Supreme Court has said, lower courts may make use of the "stay and abeyance" procedure to allow a petitioner to return to state court and exhaust

2

any unexhausted claims. *Rhines v. Weber*, 544 U.S. 269, 275-76 (2005). Once a

petitioner does so, "the district court will lift the stay and allow the petitioner to proceed in

federal court." *Id.* Stay and abeyance is only permitted when there is "good cause for the

petitioner's failure to exhaust his claims in state court" and his claims are not plainly

meritless. *Id.* at 277. It may not be used where a petitioner "engages in abusive litigation

tactics or intentional delay." *Id.* at 278.

III.

The Court finds that the Petitioner has good cause for making this request. There

is no reason to believe he "engage[d] in abusive litigation tactics or intentional delay." *Id.*

Rather, his failure to exhaust results from the prior unavailability of evidence supporting

his new claims. The claims are not meritless because, while a claim of innocence based

on newly discovered evidence is not sufficient for habeas relief, *see Herrera v. Collins*,

506 U.S. 390, 400, 404 (1993); *Cress v. Palmer*, 484 F.3d 844, 854 (6th Cir. 2007), a

claim that counsel was not effective in uncovering the evidence is sufficient.

For these reasons, this Court grants the Petitioner's request to amend his petition

to add claims that have not yet been exhausted, and to stay his petition so he may

exhaust those claims in state court. Once a district court determines that a stay and

abeyance is appropriate, it "should place reasonable time limits" on a petitioner. *Rhines*,

544 U.S. at 278. To guarantee the Petitioner does not delay exhaustion of his state court

remedies, this Court requires that the Petitioner file a motion for relief from judgment in

state court within sixty days of this order. The Petitioner must also move this Court to lift

the stay within sixty days of exhausting his state court remedies. Once he returns to this

3

Court, the Petitioner should additionally file an amended petition outlining all claims he plans to bring, including claims brought in the original petition and any new claims arising from the state courts.

IV.

Based on the foregoing, Petitioner Rice's motion to amend is **GRANTED**. A stay is **GRANTED** holding the case in abeyance pending the Petitioner's exhaustion of state court remedies. The Petitioner must file a motion for relief from judgment with the state trial court within sixty days of this order. The Petitioner shall also file a motion to lift the stay in this Court within sixty days of the conclusion of state court proceedings.

To avoid administrative difficulties, the Clerk of Court closes this case for statistical purposes only. Nothing in this order or in the related docket entry shall be considered a dismissal of this matter.

**IT IS SO ORDERED**.

Dated:   June 5, 2014

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on June 5, 2014, by electronic and/or ordinary mail and also on TOMMIE RICE #415366, WEST SHORELINE CORRECTIONAL FACILITY, 2500 S. SHERIDAN DRIVE, MUSKEGON HEIGHTS, MI 49444

s/Barbara Radke
Deputy Clerk

---