UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TOMMIE RICE,

       Petitioner,                   Case No. 2:13-CV-10060
v.                                  HONORABLE GEORGE CARAM STEEH
                                       UNITED STATES DISTRICT JUDGE

KATHLEEN OLSON,

       Respondent.
_____/

**OPINION AND ORDER DENYING THE PETITION FOR WRIT OF
HABEAS CORPUS AND DECLINING TO ISSUE A CERTIFICATE
OF APPEALABILITY OR LEAVE TO APPEAL *IN FORMA PAUPERIS***

Tommie Rice, ("Petitioner"), confined at the Ojibway Correctional Facility in Marenisco, Michigan, filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, in which he challenges his conviction for manslaughter, M.C.L.A. 750.321 and felony-firearm, M.C.L.A. 750.227b. For the reasons that follow, the petition for writ of habeas corpus is DENIED.

**I. Background**

Petitioner was charged with first-degree premeditated murder, first-degree felony murder, assault with intent to commit murder, and felony-firearm for a shooting incident that took place in Detroit, Michigan on May 25, 2009.

The first time that petitioner's case was scheduled for trial, the charges were dismissed because the prosecution witnesses failed to appear. (Tr. 2/2/10, p. 5). The complaint was re-issued and petitioner was re-charged with the crime. Following a preliminary examination on January 26, 2010, petitioner was bound over for trial.

Petitioner was scheduled to go to trial on April 29, 2010.  The trial was stayed while the prosecutor filed an interlocutory appeal to challenge the trial judge's decision to suppress a witness' identification of petitioner.  The Michigan Court of Appeals reversed the judge's ruling. *People v. Rice,* No. 298406 (Mich.Ct.App. Aug. 4, 2010).

Petitioner's trial began on November 15, 2010.  Following the selection of the jury, petitioner pleaded guilty to a reduced charge of manslaughter and to the felony-firearm charge, in exchange for dismissal of the two first-degree murder charges and the assault with intent to murder charge.  The parties agreed that petitioner would receive a sentence of seven to fifteen years on the manslaughter charge.  The judge advised petitioner of the rights to a trial that he would be giving up by pleading guilty. Petitioner was also informed that he waived his appeal of right by pleading guilty. Petitioner acknowledged that he had not been threatened or coerced into pleading guilty.  Petitioner admitted that there had been no promises, other than those disclosed on the record, to induce his plea.  Petitioner made out a factual basis for the plea by admitting that he shot the victim in the leg with a .38 caliber gun and that the victim died as a result. (Tr. 11/16/10, pp. 34-40).

Petitioner was sentenced on December 16, 2010 to seven to fifteen years in prison on the manslaughter conviction and an additional two year sentence on the felony-firearm conviction. (Tr. 12/16/10, p. 12).

Petitioner's conviction was affirmed on appeal although the case was remanded to the trial court to correct any errors in the pre-sentence investigation report. *People v. Rice,* No. 307446 (Mich.Ct.App. Feb. 13, 2012); *lv. den.* 492 Mich. 854; 817 N.W. 2d 102 (2012).

Petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, which was held the petition in abeyance so that petitioner could return to the state courts to exhaust additional claims. *Rice v. Berghuis*, No. 2:13-CV-10060, 2014 WL 2533837 (E.D. Mich. June 5, 2014).

Petitioner filed a post-conviction motion for relief from judgment, which was denied. *People v. Rice,* No. 10-000954-01-FC (Third Circuit Court of Michigan-Criminal Division, May 7, 2014). The Michigan appellate courts denied petitioner leave to appeal. *People v. Rice*, No. 322161 (Mich.Ct.App. Aug. 22, 2014); *lv. den.* 497 Mich. 1027, 863 N.W.2d 52 (2015); *reconsideration den.* 498 Mich. 876, 868 N.W.2d 617 (2015).

On July 23, 2015, the Court reopened the case, amended the caption, and permitted petitioner to file an amended petition. In his original and amended petitions, petitioner seeks relief on the following grounds:

> I. Under the 14th Amendment Due Process requires Plea withdrawal.
>
> II. The court should remand for correction of Pre-sentence Investigation Report (PSIR) and for resentencing.
>
> III. The magistrate review as to probable cause to bind-over naming defendant was influenced by the fact prosecutor previously filed a Felony Information prior to arraignment.
>
> IV. Defendant M[r]. Rice was illegally arraigned. The court lacked subject matter jurisdiction where no proper Felony Complaint was filed at or before arraignment, pursuant to MCR 6.104(D).
>
> V. A violation of MCR 6.110(F) under the 14th Amendment Due Process of law warrants a dismissal in its entirety.
>
> VI. The magistrate abused his discretion wrongfully binding over defendant on insufficient evidence.

VII. Appellate counsel failed to perform to an objective standard, and provided ineffective assistance during the appellate stage.

VIII. Trial Defense counsel failed to perform to an objective standard and provide effective assistance during trial perperation [sic] and lacked diligency [sic] prior to trial.

IX. [Rice] was denied the effective assistance of trial counsel: trial counsel's performance was deficient and fell below an objective standard of reasonableness where trial counsel's lack of performance prejudice[d] the defense during the criminal proceedings.

X. Mr. Rice is entitled to plea withdrawal on a non-frivolous claim of actual innocence.

XI. [Rice] has newly discovered evidence that support[s] [a] nonfrivolous claim of actual innocence.[1]

## II. Standard of Review

28 U.S.C. § 2254(d), as amended by The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), imposes the following standard of review for habeas cases:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
> > (1)   resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> >
> > (2)   resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

---

[1] The Court has renumbered petitioner's three claims in his amended habeas petition as claims nine, ten, and eleven for judicial clarity.

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). An "unreasonable application" occurs when "a state court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." *Id.* at 409. A federal habeas court may not "issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 410-11.

The Supreme Court has explained that "[A] federal court's collateral review of a state-court decision must be consistent with the respect due state courts in our federal system." *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003). The "AEDPA thus imposes a 'highly deferential standard for evaluating state-court rulings,' and 'demands that state-court decisions be given the benefit of the doubt.'" *Renico v. Lett*, 559 U.S. 766, 773 (2010)((quoting *Lindh v. Murphy*, 521 U.S. 320, 333, n. 7 (1997); *Woodford v. Viscotti*, 537 U.S. 19, 24 (2002)(*per curiam*)). "[A] state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011)(citing *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). In order to obtain habeas relief in federal court, a state prisoner is required to show that the state court's rejection of his claim "was so lacking in justification that there was an error

-5-

well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington,* 562 U.S. at 103.

The Michigan Court of Appeals denied the petitioner's application for leave to appeal on petitioner's direct appeal in a form order "for lack of merit in the grounds presented." The Michigan Supreme Court subsequently denied the petitioner leave to appeal in a standard form order without any extended discussion. Determining whether a state court's decision resulted from an unreasonable legal or factual conclusion, as would warrant federal habeas relief, does not require that there be an opinion from the state court that explains the state court's reasoning. *Harrington*, 562 U.S. at 98. "Where a state court's decision is unaccompanied by an explanation, the habeas petitioner's burden still must be met by showing there was no reasonable basis for the state court to deny relief." *Id.* In fact, when a habeas petitioner has presented a federal claim to a state court and that state court has denied relief, "it may be presumed that the state court adjudicated the claim on the merits in the absence of any indication or state-law procedural principles to the contrary." *Id.* at 99. That presumption may be overcome only when there is a reason to think that some other explanation for the state court's decision is more likely. *Id.* at 99-100.

In the present case, the AEDPA deferential standard of review applies to petitioner's case where the Michigan Court of Appeals rejected the petitioner's appeal "for lack of merit in the grounds presented" and the Michigan Supreme Court subsequently denied leave to appeal in a standard form order, because these orders

amounted to a decision on the merits. See *Werth v. Bell*, 692 F. 3d 486, 492-94 (6th Cir. 2012).

### III. Discussion

**A. Claims # 1 and # 10. The plea withdrawal claims.**

Petitioner seeks to withdraw his guilty plea for two reasons. Petitioner first claims that he is entitled to withdraw his plea because he had been misled by the trial judge and defense counsel into believing that he could appeal the judge's suppression of identification ruling after pleading guilty. Petitioner further argues that he should be entitled to withdraw his plea because he is actually innocent of the charges.

Initially, the Court observes that petitioner has no federal constitutional right to withdraw his guilty plea. *See Hynes v. Birkett,* 526 Fed. Appx. 515, 521 (6th Cir. 2013). Unless a petitioner's guilty plea otherwise violated a clearly-established constitutional right, whether to allow the withdrawal of a habeas petitioner's guilty plea is discretionary with the state trial court. *See Shanks v. Wolfenbarger,* 387 F. Supp. 2d 740, 748 (E.D. Mich. 2005).

A guilty plea that is entered in state court must be voluntarily and intelligently made. *See Shanks,* 387 F. Supp. 2d at 749; *Doyle v. Scutt,* 347 F. Supp. 2d 474, 482 (E.D. Mich. 2004)(both citing *Boykin v. Alabama,* 395 U.S. 238, 242 (1969)). In order for a plea of guilty to be voluntarily and intelligently made, the defendant must be aware of the "relevant circumstances and likely consequences" of his plea. *Hart v. Marion Correctional Institution*, 927 F. 2d 256, 257 (6th Cir. 1991). The defendant must also be aware of the maximum sentence that can be imposed for the crime for which he or

-7-

she is pleading guilty. *King v. Dutton*, 17 F. 3d 151, 154 (6th Cir. 1994). When a petitioner brings a federal habeas petition challenging his plea of guilty, the state generally satisfies its burden by producing a transcript of the state court proceedings showing that the plea was made voluntarily. *Garcia v. Johnson*, 991 F. 2d 324, 326 (6th Cir. 1993). The factual findings of a state court that the guilty plea was properly made are generally accorded a presumption of correctness. Petitioner must overcome a heavy burden if the federal court is to overturn these findings by the state court. *Id.*

It is only when the consensual character of a guilty plea is called into question that the validity of a guilty plea may be impaired. *Mabry v. Johnson*, 467 U.S. 504, 508-09 (1984). A plea of guilty entered by one fully aware of the direct consequences, including the actual value of any commitments made to him by the court, prosecutor, or his or her own counsel, must stand unless induced by threats (or promises to discontinue improper harassment), misrepresentation (including unfulfilled or unfulfillable promises), or perhaps by promises that are by their nature improper as having no proper relationship to the prosecutor's business (i.e. bribes). *Id.*

The evidence establishes that petitioner freely and voluntarily pleaded guilty to the charges. Petitioner was advised of the maximum penalties for the charges and the rights that he would be waiving by pleading guilty. Petitioner was advised of the terms of the plea agreement and acknowledged that these were the complete terms of the agreement. In response to the trial court's questions, petitioner denied that any other promises had been made to get him to plead guilty.

Petitioner initially contends that the judge and defense counsel misled him to believe that he could plead guilty and still preserve for appeal the trial court's

suppression decision and/or the Michigan Court of Appeals' decision on the prosecutor's interlocutory appeal to reverse the trial judge's decision to suppress the pre-trial identification of petitioner by one of the witnesses.

Although Michigan law permits the entry of a conditional plea to preserve an issue for appeal, it is well settled that a conditional guilty plea requires the agreement of the defendant, the prosecution, and the court. *People v. Lannom,* 441 Mich. 490, 493, n. 5, 490 N.W.2d 396 (1992)*; People v. Reid,* 420 Mich. 326, 337, 362 N.W.2d 655 (1984); *People v. Andrews,* 192 Mich. App. 706, 707, 481 N. W. 2d 831 (1992); *People v. Kelley,* 181 Mich. App. 95, 97, 449 N.W.2d 109 (1989); M.C.R. 6.301(C)(2); *See also Brown v. Trombley,* No. 05-CV-74047-DT, 2007 WL 1013687, *3 (E.D. Mich. March 29, 2007). Michigan law parrallels Fed.Rule Crim. P. 11(a)(2), which states that "[w]ith the consent of the court and the government, a defendant may enter a conditional plea of guilty."

In the present case, the judge expressly advised petitioner that he would be waiving his right to a trial by pleading guilty. The judge and the prosecutor expressly placed the terms of the plea agreement on the record. Nowhere was there any mention that petitioner could preserve the judge's pre-trial suppression ruling or the Michigan Court of Appeals' earlier decision to reverse the judge's ruling. Petitioner acknowledged that he was unaware of any other promises or agreements other than those placed on the record.

Absent extraordinary circumstances, or some other explanation as to why a defendant did not reveal other terms when specifically asked to do so by the trial court, a plea agreement consists of the terms revealed in open court, where the trial court

scrupulously follows the required procedure for taking the defendant's plea. *Baker v. United States*, 781 F. 2d 85, 90 (6th Cir. 1986); *Hastings v. Yukins,* 194 F. Supp. 2d 659, 669 (E.D. Mich. 2002).  Because a plea bargain is contractual in nature, it would violate established contract-law standards to permit a defendant to attempt to prove that a plea agreement is otherwise than it unambiguously appears on a thorough record. *Baker,* 781 F. 2d at 90.  Plea agreements are to be strictly construed. *See United States v. Brummett,* 786 F. 2d 720, 723 (6th Cir. 1986).  A term of a plea agreement "that is unambiguous on its face and agreed to by the defendant in open court will be enforced." *McAdoo v. Elo,* 365 F. 3d 487, 497 (6th Cir. 2004).

    Petitioner did not reserve his right to appeal the suppression ruling when he pleaded guilty, in light of the fact that there was no indication in the plea transcript that he intended to plead conditionally with the full knowledge and the agreement of the trial judge and the prosecutor. *See U.S. v. Martin,* 390 Fed. Appx. 533, 536-37 (6th Cir. 2010); *See also U.S. v. Herrera*, 265 F. 3d 349, 351-52 (6th Cir. 2001)(defendant waived right to appeal district court's order denying pre-plea suppression motion, notwithstanding any belief of defendant that he entered conditional plea and any misstatements of defense counsel and judge that might have contributed to that belief, where there was no writing indicating that guilty plea was conditional).

    To the extent that petitioner claims that his trial counsel misled him into believing that he could plead guilty and still appeal the judge's ruling, the state court judge's proper plea colloquy cured any misunderstandings that petitioner may have had about

the consequences of the plea. *See Ramos v. Rogers*, 170 F. 3d 560, 565 (6th Cir. 1999).

Petitioner further contends that he should be permitted to withdraw his plea because he is actually innocent of the charges.

A solemn declaration of guilt by the defendant carries a presumption of truthfulness. *Blackledge v. Allison*, 431 U.S. 63, 74 (1977); *Henderson v. Morgan*, 426 U.S. 637, 648 (1976). "[S]ome courts have held that the absence of a defendant's vigorous and repeated protestations of innocence support the denial of a motion to withdraw a guilty plea." *United States v. Baez,* 87 F. 3d 805, 809 (6th Cir. 1996). When a criminal defendant agrees with the factual basis that supports his or her guilty plea, any subsequent statements that he or she is not guilty is not "the 'vigorous and repeated protestations of innocence' that would support a motion to withdraw a guilty plea." *United States v. Osborne*, 565 F. Supp. 2d 927, 934 (E.D. Tenn. 2008)(quoting *United States v. Dixon*, 479 F.3d 431, 437 (6th Cir. 2007)(quoting *Baez*, 87 F. 3d at 809). Moreover, a federal habeas court reviewing a belated claim of innocence which contradicts a prior, valid guilty plea must draw all permissible inferences in favor of the prosecution and against the petitioner. *See Ferrer v. Superintendent*, 628 F. Supp. 2d 294, 308 (N.D.N.Y. 2008)*; See also Garrison v. Elo,* 156 F. Supp. 2d 815, 829 (E.D. Mich. 2001)(petitioner's "admissions of factual guilt are entitled to great weight").

Petitioner clearly made out a factual basis for the charges at the plea hearing. Petitioner is not entitled to withdraw his guilty plea on his claim of innocence, in light of the fact that petitioner stated under oath at his guilty plea hearing that he was guilty of

shooting and killing the victim. *See U.S. v. Young,* 310 Fed. Appx. 784, 793 (6th Cir. 2009). Petitioner's after-the-fact claim of innocence "should not overcome the fact" that petitioner pled guilty before the state trial court and, under oath, explained his role in the crime. *See U.S. v. Graham*, 278 Fed. Appx. 538, 547-48 (6th Cir. 2008). Petitioner is not entitled to relief on his first claim.

### B.  Claim # 2.  The pre-sentence investigation report claim.

Petitioner claims that the pre-sentence investigation report (PSI) that was prepared in his case contained inaccurate information.

At the outset, the Court notes that the Michigan Court of Appeals remanded the matter on petitioner's direct appeal for the correction of the pre-sentence investigation report. To the extent that the pre-sentence report has been corrected, petitioner's claim is now moot.

In any event, there is no federal constitutional right to a pre-sentence investigation and report. *See Bridinger v. Berghuis,* 429 F. Supp. 2d 903, 909 (E.D. Mich. 2006); *Allen v. Stovall*, 156 F. Supp. 2d 791, 797 (E.D. Mich. 2001). Therefore, the mere presence of hearsay or inaccurate information in a pre-sentence report does not constitute a denial of due process so as to entitle a petitioner to habeas relief. *Allen,* 156 F. Supp. 2d at 797.

More importantly, even where there is an alleged factual inaccuracy in a pre-sentence report, a court need not resolve the dispute when the information is not relied on in arriving at the sentence that was imposed. *See Warren v. Miller,* 78 F. Supp. 2d 120, 131 (E.D.N.Y. 2000). Although a criminal defendant possesses a constitutional

right not to be sentenced on the basis of "misinformation of constitutional magnitude," *See Roberts v. United States*, 445 U.S. 552, 556 (1980), in order to prevail on a claim that a trial court relied on inaccurate information at sentencing, a habeas petitioner must demonstrate that the sentencing court relied upon this information and that it was materially false. *See Siebert v. Jackson*, 205 F. Supp. 2d 727, 731 (E.D. Mich. 2002).

There is no evidence that the trial court relied on the allegedly incorrect information contained within the pre-sentence report in sentencing petitioner, particularly where the parties had agreed that petitioner would receive a sentence of seven to fifteen years in prison on the manslaughter conviction and the felony-firearm statute requires a mandatory two year prison sentence to be served consecutively to the sentence on the underlying felony conviction. A habeas petitioner is not entitled to relief on his claim that a pre-sentence investigation report contained inaccurate information where there is no indication that the sentencing judge relied on this information in sentencing the petitioner. *See Draughn v. Jabe,* 803 F. Supp. 70, 80 (E.D. Mich. 1992). Accordingly, petitioner is not entitled to habeas relief on his second claim.

**C. Claims # 3, 4, 5, 6, 8, and 9. The claims waived by petitioner's plea.**

Petitioner in his third, fourth, fifth, and sixth claims alleges several procedural violations regarding the criminal complaint, the preliminary examination, the bindover to circuit court, and the arraignment. In his eighth and ninth claims, petitioner contends that trial counsel was ineffective for failing to investigate, failing to subpoena witnesses, and failing to respond to the prosecutor's interlocutory appeal. Respondent contends that petitioner's claims have been waived by his guilty plea.

A properly invoked guilty plea normally forecloses conviction challenges based on antecedent non-jurisdictional errors. *Tollett v. Henderson*, 411 U.S. 258, 267 (1973); *Seeger v. Straub*, 29 F. Supp. 2d 385, 390 (E.D. Mich. 1998). A guilty plea represents a break in the chain of events which has proceeded it in the criminal process; when a criminal defendant has solemnly admitted in open court that he or she is in fact guilty of the offense which he or she is charged, the defendant may not thereafter raise independent claims relating to the deprivation of constitutional rights which occurred prior to the entry of the guilty plea. *Tollett*, 411 U.S. at 267.

Under Michigan law, a plea to the information waives any challenge to irregularities in the complaint. *See U.S. ex rel. Penachio v. Kropp*, 448 F.2d 110, 111 (6th Cir. 1971); *Rogers v. Kropp, Warden*, 387 F. 2d 374, 375 (6th Cir. 1968). Because petitioner pleaded guilty to the charges without ever challenging the deficiencies with the criminal complaint, petitioner is precluded from obtaining habeas relief on the issue. Petitioner's guilty plea would also waive any right to challenge any improprieties which may have occurred at the preliminary examination. *See Bostick v. Craven*, 429 F. 2d 23, 24 (9th Cir. 1970). Finally, pre-plea claims of ineffective assistance of trial counsel are also considered nonjurisdictional defects that are waived by a guilty plea. *See United States v. Stiger,* 20 Fed. Appx. 307, 309 (6th Cir. 2001); *See also Siebert v. Jackson,* 205 F. Supp. 2d 727, 733-34 (E.D. Mich. 2002). Petitioner is not entitled to relief on these claims.

### D. Claim # 11. The newly discovered evidence of innocence claim.

Petitioner claims that he is entitled to habeas relief because he has newly discovered evidence in support of his actual innocence claim.

In *Herrera v. Collins*, 506 U.S. 390, 400 (1993), the Supreme Court held that claims of actual innocence based on newly discovered evidence fail to state a claim for federal habeas relief absent an independent constitutional violation occurring in the underlying state criminal proceeding. Federal habeas courts sit to ensure that individuals are not imprisoned in violation of the constitution, not to correct errors of fact. *Id., See also McQuiggin v. Perkins,* 133 S. Ct. 1924, 1931 (2013)("We have not resolved whether a prisoner may be entitled to habeas relief based on a freestanding claim of actual innocence"). Freestanding claims of actual innocence are thus not cognizable on federal habeas review, absent independent allegations of constitutional error at trial. *See Cress v. Palmer,* 484 F.3d 844, 854-55 (6th Cir. 2007)(collecting cases). Petitioner is therefore is not entitled to relief for his eleventh claim under available Supreme Court precedent. *See Wright v. Stegall*, 247 Fed. Appx. 709, 711 (6th Cir. 2007).

### E. Claim # 7. The ineffective assistance of appellate counsel claim.

Petitioner lastly claims that appellate counsel was ineffective for failing to raise on his direct appeal several claims. Petitioner specifically claims that appellate counsel was ineffective for failing to obtain affidavits from witnesses stating that petitioner was not the shooter, failing to obtain a videotape that would show that petitioner was

wearing different clothing than what the shooter was wearing, and failing to obtain phone records to establish that petitioner was on the phone at the time of the shooting.

The Sixth Amendment guarantees a defendant the right to the effective assistance of counsel on direct appeal. *Evitts v. Lucey*, 469 U.S. 387, 396 (1985); *See also Harris v. Stegall*, 157 F. Supp. 2d 743, 747 (E.D. Mich. 2001). However, "[A]ppellate counsel cannot be found to be ineffective for 'failure to raise an issue that lacks merit.'" *Shaneberger v. Jones*, 615 F. 3d 448, 452 (6th Cir. 2010)(quoting *Greer v. Mitchell*, 264 F.3d 663, 676 (6th Cir. 2001)).

Petitioner's claim is without merit for several reasons.

First, with the exception of one witness affidavit, petitioner has presented no evidence to this Court or to the state courts that there were any witnesses willing to testify on his behalf or that there was a videotape or cell phone records that would exculpate him of these offenses. Conclusory allegations of ineffective assistance of appellate counsel do not warrant habeas relief. *See Workman v. Bell*, 160 F.3d 276, 287 (6th Cir. 1998). Because there is no evidence, other than the one affidavit discussed below, to support petitioner's allegation that there were exculpatory witnesses or evidence that appellate counsel failed to present to the state courts, his claim is without merit.

Petitioner does attach to his petition an affidavit from Andre Perdue, signed and dated August 21, 2014, in which Perdue claims that petitioner was not the shooter. Petitioner, however, did not present Perdue's affidavit on his direct appeal or in his post-conviction motion for relief from judgment with the trial court or in his post-conviction appeal to the Michigan Court of Appeals. Petitioner only submitted Mr.

Perdue's affidavit for the first time with his post-conviction appeal that he filed with the Michigan Supreme Court.[2] Although petitioner subsequently presented Mr. Perdue's affidavit in his application for leave to appeal before the Michigan Supreme Court, raising a claim for the first time before the state courts on discretionary review does not amount to a "fair presentation" of the claim to the state courts for exhaustion purposes. *See Castille v. Peoples*, 489 U.S. 346, 351 (1989). Because petitioner failed to present Mr. Perdue's affidavit in his post-conviction appeal with the Michigan Court of Appeals, his subsequent presentation of this evidence to the Michigan Supreme Court did not satisfy the exhaustion requirement for habeas purposes. *See Warlick v. Romanowski*, 367 Fed. Appx. 634, 643 (6th Cir. 2010).

Under 28 U.S.C. §2254(e), a federal court may not rely on evidence not presented to the state courts unless the petitioner can show 1) either that he was diligent in seeking to develop the evidence in state court or that the claim relies on a new, retroactive rule of constitutional law, and 2) that the facts underlying the claim would be sufficient to establish by clear and convincing evidence that no reasonable fact-finder could have found him guilty. See 28 U.S.C. §2254(e); *Holland v. Jackson*, 542 U.S. 649, 652-53 (2004). Since petitioner did not submit Perdue's affidavit to the trial court in his motion for relief from judgment or in his post-conviction appeal to the Michigan Court of Appeals, he has failed to demonstrate the diligence required to meet the exception of 28 U.S.C. §2254(e).

---

[2] *See* Dkt. # 28-5.

Moreover, the United States Supreme Court has held that habeas review under 28 U.S.C. §2254(d) is "limited to the record that was before the state court that adjudicated the claim on the merits." *Cullen v. Pinholster*, 131 S. Ct. 1388, 1398 (2011). Therefore, *Cullen* precludes the Court from considering Mr. Perdue's affidavit in reviewing petitioner's ineffective assistance of appellate counsel claim under 28 U.S.C. §2254(d). *Cf. Campbell v. Bradshaw*, 674 F.3d 578, 590, n.3 (6th Cir. 2012)(declining to consider testimony taken in federal evidentiary hearing because it was not part of the state court record).

Secondly, appellate counsel did file a motion with the Michigan Court of Appeals to remand the matter back to the trial court in order to permit petitioner to withdraw his guilty plea on the ground that neither his trial attorney nor the trial judge informed him he was entering an unconditional guilty plea that waived appellate review of his suppression issue, and that petitioner asserted a non-frivolous claim of innocence. Petitioner's appellate counsel also raised these issues in the brief on appeal that she filed on petitioner's behalf.[3]

Third, appellate review of most, if not all, of these various claims was waived by petitioner's guilty plea. An appellate counsel is not ineffective for failing to raise a claim on direct appeal that would be considered to have been waived by the defendant's guilty plea. *See e.g. Thompson v. United States,* 42 Fed. Appx. 766, 768 (6th Cir. 2002). Because the omitted claims were waived by petitioner's guilty plea, appellate counsel was not ineffective for failing to raise these claims on petitioner's direct appeal.

---

[3] See Motion to Remand and Brief in Support [Part of Dkt. # 12-1]; Delayed Application For Leave to Appeal [part of Dkt. # 11-6].

Finally, petitioner raised these claims as part of the ineffective assistance of appellate counsel claims that he presented in the Standard 4 *pro per* supplemental brief that he raised on direct appeal in addition to the appeal brief filed by appellate counsel.[4] Because the Michigan Court of Appeals considered, and rejected the claims raised by petitioner in his supplemental *pro per* brief, petitioner is unable to show that he was prejudiced by appellate counsel's failure to raise these claims in the appeal brief filed by counsel. *See Donaldson v. Booker,* 505 Fed. Appx. 488, 496 (6th Cir. 2012); *Bentley v. Bock,* 239 F. Supp. 2d 686, 696-97 (E.D. Mich. 2002). Petitioner is not entitled to relief on his final claim.

## IV. Conclusion

The Court will deny the petition for writ of habeas corpus. The Court will also deny a certificate of appealability to petitioner. In order to obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To demonstrate this denial, the applicant is required to show that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). When a district court rejects a habeas petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims to be debatable or wrong. *Id.* at 484. "The district court must issue or deny a certificate of

---

[4] See Pro Per Supplemental Brief [Part of this Court's Dkt. # 12-1].

appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254.

For the reasons stated in this opinion, the Court will deny petitioner a certificate of appealability because he has failed to make a substantial showing of the denial of a federal constitutional right. *Myers v. Straub,* 159 F. Supp. 2d 621, 629 (E.D. Mich. 2001). The Court will also deny petitioner leave to appeal *in forma pauperis,* because the appeal would be frivolous. *Id.*

### V. ORDER

Based upon the foregoing, IT IS ORDERED that the Petition for a Writ of Habeas Corpus is **DENIED WITH PREJUDICE.**

IT IS FURTHER ORDERED That a Certificate of Appealability is **DENIED.**

IT IS FURTHER ORDERED that Petitioner will be **DENIED** leave to appeal *in forma pauperis*.

Dated: January 7, 2016

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on January 7, 2016, by electronic and/or ordinary mail and also on Tommie Rice #415366, Ojibway Correctional Facility, N5705 Ojibway Road, Marenisco, MI 49947.

s/Barbara Radke
Deputy Clerk