UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TOMMIE RICE,

       Petitioner,               Case No. 2:13-CV-10060
                                        HONORABLE GEORGE CARAM STEEH

v.

KATHLEEN OLSON,

       Respondent.
_____/

## OPINION AND ORDER DENYING THE MOTION FOR RECONSIDERATION [DKT. # 32], AND DENYING A CERTIFICATE OF APPEALABILITY ON THE MOTION FOR RECONSIDERATION AND LEAVE TO APPEAL *IN FORMA PAUPERIS*

On January 7, 2016, the Court denied the petition for writ of habeas corpus that had been filed by petitioner pursuant to 28 U.S.C. § 2254, declined to issue a certificate of appealability, and denied petitioner leave to appeal *in forma pauperis*. *Rice v. Olson*, No. 2:13-CV-10060, 2016 WL 74856 (E.D. Mich. Jan. 7, 2016).

Petitioner has filed a notice of appeal with the United States Court of Appeals for the Sixth Circuit. [Dkt. ## 33, 34]. Petitioner has also filed a motion for reconsideration. For the reasons that follow, the motion for reconsideration is DENIED.

This Court lacks jurisdiction to consider petitioner's motion for reconsideration because petitioner has filed a notice of appeal in this case. A

notice of appeal generally "confers jurisdiction on the court of appeals and divests the district court of control over those aspects of the case involved in the appeal." *Marrese v. American Academy of Orthopaedic Surgeons*, 470 U.S. 373, 379 (1985)(citing *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982)( per curiam )); *see also Workman v. Tate*, 958 F. 2d 164, 167 (6th Cir. 1992). Because petitioner has filed a notice of appeal, this Court lacks jurisdiction to amend its original opinion and order to consider the merits of petitioner's case. *Workman,* 958 F. 2d at 167-68; *see also Raum v. Norwood,* 93 Fed. Appx. 693, 695 (6th Cir. 2004)(Plaintiffs deprived district court of jurisdiction over their motion for reconsideration by filing notice of appeal before district court had chance to make decision on motion to reconsider).

    Moreover, even if this Court had jurisdiction over petitioner's motion for reconsideration, it would still deny the motion. E.D. Mich. LR 7.1(h) governs motions for reconsideration. However, a motion for reconsideration which presents the same issues already ruled upon by the court, either expressly or by reasonable implication, will not be granted. *Ford Motor Co. v. Greatdomains.com, Inc.,* 177 F. Supp. 2d 628, 632 (E.D. Mich. 2001). A motion for reconsideration should be granted if the movant demonstrates a palpable defect by which the court and the parties have been misled and show that correcting the defect will lead to a different disposition of the case. *See DirecTV, Inc. v. Karpinsky,* 274 F. Supp. 2d 918, 921 (E.D. Mich. 2003).

Petitioner's motion for reconsideration will be denied, because petitioner is merely presenting issues which were already ruled upon by this Court, either expressly or by reasonable implication, when the Court denied petitioner's habeas application and declined to issue a certificate of appealability or leave to appeal *in forma pauperis*.  See *Hence v. Smith*, 49 F. Supp. 2d 547, 553 (E.D. Mich. 1999).

A certificate of appealability is required to appeal the denial of a motion for reconsideration in a habeas case. *See e.g. Amr v. U.S.,* 280 Fed. Appx. 480, 486 (6th Cir. 2008).  This Court will deny petitioner a certificate of appealability, because jurists of reason would not find this Court's resolution of petitioner's motion for reconsideration to be debatable.  The Court will deny petitioner leave to appeal *in forma pauperis* because any appeal would be frivolous. *Hence,* 49 F. Supp. 2d at 549.

**IT IS HEREBY ORDERED** that the motion for reconsideration [Dkt. # 32] is **DENIED.**

**IT IS FURTHER ORDERED** that a certificate of appealability regarding the motion for reconsideration and leave to appeal *in forma pauperis* are **DENIED.**

So Ordered.

Dated:  February 11, 2016

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on February 11, 2016, by electronic and/or ordinary mail and also on Tommie Rice #415366, Ojibway Correctional Facility, N5705 Ojibway Road, Marenisco, MI 49947.

s/Barbara Radke
Deputy Clerk